The opinion of the Court was delivered by
WhitNbr, J.
Although the motion for non-suit was refused on the circuit, we are informed by the Judge that the case was sent to the jury only that the controversy might be ended by the decision of this Court. By a recurrence to the brief, it will be seen this is not a case in which the party defendant is at all prejudiced by the verdict, hence the motion for a non-suit is very properly renewed.
The ground on which this motion rests will be first considered, whether there was proof of a joint contract on which the action can be sustained.
I shall not encumber the opinion I propose to submit with a transcript of the advertisements of 22nd October, 1849, and 1st October, 1852. The former is set forth in the case of Bradford vs. South Carolina Railroad, Company, 7 Rich. 201; — The latter in the brief of the present case. In the case cited a recovery was had, and sustained by this Court, against the defendant on a joint contract for damage to cotton shipped by the plaintiffs under the arrangement made by these three Bailroad Companies, as shown by their advertisement of 22d *225 October, 1849, and receipts taken and forwarded according to tbe terms of that notice.
This case was elaborately argued and considered, and the grounds on which the judgment rested are very fully presented in the opinion delivered.
The complexities arising under this arrangement, soon suggested a change as indispensable, and hence, doubtless the subsequent advertisement of 1st October, 1852; and though this proceeded, as it appears, from the South Carolina Railroad Company alone, other facts brought to view in this case, disclose, that the other companies have taken like action. The terms of the latter notice very fully indicate the purpose of the South Carolina Railroad Company to disentangle itself at least from this arrangement, and to break up the previous mode of conducting their business. They thereby announce that henceforth they will receive at ■ the depot in Augusta all cotton, produce, or merchandise brought down by the Georgia or other Railroads, and intended for the South Carolina Railroad ; that they will pay the freight and charges to that point, and charging these expenses forward, will collect the whole freight and charges on delivery; that they will give duplicate receipts and be responsible for all loss and damage that may occur after the articles for transportation came into their possession, but no further. The elements of a joint contract, ascertained and brought to view in the judgment of the Court before referred to, in the former advertisement, are all withdrawn by the latter, consequently one making a shipment on the faith of any undertaking contained in the former notice, or of any information imparted thereby, would appeal in vain to the Court to hold this Company jointly liable, in consequence of either ingredient to be found in the latter notice.
But the motion for non-suit may not be authorized upon this view alone, as a question is suggested whether in point of fact a knowledge of the change in the mode of doing business had been brought home to the plaintiffs. However this *226 might be, we are relieved from all embarrassment and misgiving on that subject. As a part of their case, the plaintiffs produced, as was necessary to an exact ascertainment of the thing to be done, the receipt given at Chattanooga, November 25, 1852. These contracts of affreightment are not only subsequent in point of time to the latter notice of the South Carolina Eailroad Company, but they speak a language not to be mistaken. They are explicit in all respects, and show very conclusively who were the original contracting parties, the duties to be performed, and the liabilities incurred. No construction to be given can include the present Company as in any way a party to these contracts. They furnish satisfactory evidence that the other Eailroad Companies had concurred in dissolving the tie by which they had been previously united with the South Carolina Eailroad Company, and that those with whom they dealt in the present instance recognised the dissolution, and entered into the contract with full knowledge. In our judgment there is no evidence on which to charge this Company in the present form of proceeding. In the former case, the evidence was in part written, and in part oral, and hence was properly submitted to the jury. In this case there is no dispute about the facts being entirely derived from the sources already enumerated. There is therefore no purpose to be answered by sending the case back, or by considering the other questions raised in the grounds for a new trial.
The defendant was entitled to the motion for non-suit on the circuit. The verdict is therefore set aside and a non-suit ordered,
O’Neall, Wardlaw, Withers, and Motro, JJ., concurred.

Motion granted.